**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CARMEN BARTON,

        **Plaintiff,**

**v.**                               **Case No.:**
                                    **Circuit Case No.: 18-CA-5121**

**VERIZON WIRELESS, LLC,**

        **Defendant.**

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, VERIZON WIRELESS (VAW), LLC d/b/a VERIZON WIRELESS[1] (hereinafter "Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of the removal of the above-styled action filed by Plaintiff, CARMEN BARTON (hereinafter "Plaintiff"), from the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, to this Court. Defendant submits the following short and plain statement of the grounds for removal, in accordance with 28 U.S.C. § 1446(a), which shows that removal is proper in this case:

1.      On May 30, 2018, Plaintiff filed a two-count Complaint for Damages Including Demand for Injuntive [sic] Relief and Demand for Trial By Jury ("Complaint") against Defendant in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough

---

[1] There is no entity named Verizon Wireless LLC. Defendant assumes that this is a typographical error and that Plaintiff intends for the Complaint to identify Verizon Wireless (VAW) LLC d/b/a Verizon Wireless. Plaintiff, however, has sued the incorrect entity. The correct entity is Cellco Partnership d/b/a Verizon Wireless. However, as demonstrated infra, both the currently named Defendant and Cellco Partnership are diverse from Plaintiff.

County, Florida.  The clerk of that court assigned Case No. 18-CA-5121 to this action.

2.     Plaintiff served Defendant with a Summons and a copy of the Complaint on June 1, 2018. (See Exhibit A).

3.     Plaintiff's Complaint purports to set forth two counts against Defendant for alleged violations of the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01 et seq. (Compl. ¶¶ 1, 47-59). Specifically, Plaintiff alleges Defendant discriminated against her because of her race and retaliated against her because of her purported complaints of discrimination by terminating her employment.  (Id.)

4.     The Court has original jurisdiction over actions where the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states. See 28 U.S.C. § 1332(a)(1).

5.     The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs.[2]

6.     First, although Plaintiff does not specify the amount of damages she is seeking in this action, in her Complaint, she alleges that "[t]his is an action under the Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, for damages the value of which exceeds

---

[2] When a complaint contains no specific demand regarding damages, the defendant need only prove by a preponderance of the evidence that the jurisdictional amount is satisfied.  See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010); see also 28 U.S.C. § 1446(c)(2) (recognizing that the defendant can establish the amount in controversy, even when a specific amount is pled in the complaint, by the preponderance of the evidence in states, such as Florida, where the rules allow recovery of damages in excess of the amount demanded).  "'[T]he pertinent question is what is *in controversy* in the case, not how much the plaintiffs are likely to recover.'"  Pretka, 608 F.3d at 751 (quoting Amoche v. Guarantee Trust Life Ins. Co., 556 F.3d 41, 51 (1st Cir. 2009)) (emphasis in original).

$15,000, exclusive of pre-judgment interest, costs, and attorney's fees." (Compl. ¶ 2). Additionally, she seeks the following relief: "full front pay," "full back pay," "compensatory damages for the humiliation, emotional distress, and other damages caused by Defendant's conduct," "punitive damages," "all employment benefits," "expenses of Litigation, including reasonable attorneys' fees," "temporary, preliminary, and permanent injunctive relief prohibiting Defendant from engaging in further discriminatory conduct," and "all other relief the Court deems just and proper."[3] (Complaint at 7-8).

7.    Plaintiff alleges she was terminated on May 5, 2017. (Complaint ¶ 39). At the time of Plaintiff's termination, her annual target compensation was $53,354.00. (See Exhibit C). Of that amount, $44,499.00 represented her base pay. (Id.).

8.    On May 26, 2017, Plaintiff served a pre-suit demand letter wherein she demanded, in pertinent part, the following in order to sign a release and dismiss her claims, including her claims of discrimination and retaliation as now pled in the Complaint:

- Three years of continuous healthcare coverage or five years of COBRA premium payments along with reimbursement for all deductibles and co-payments for healthcare services;

- One year of employee discounts on all accessories;

- Her annual salary, including all bonuses, for the next twenty years;

- Tuition assistance for the next five years; and

- Participation in the employee phone program for eighteen months.

---

[3] All of the different categories of relief sought may be aggregated to determine the amount in controversy. See Exxon Mobil Corp. v. Allapattah Serv., Inc., 545 U.S. 546, 585-86 (2005).

(See Exhibit B).  Without commenting on whether Plaintiff could actually obtain this relief, this demand letter is Plaintiff's assessment of the specific damages to which she believes she is entitled and is seeking in this action.  Therefore, this demand letter quantifies that the amount in controversy is well in excess of $75,000.00.  Ericsson GE Mobile Commc'ns. Inc. v. Motorola Commc'ns & Electronics, Inc., 120 F.3d 216, 218-20 (11th Cir. 1997) (observing that the amount in controversy is measured solely from a plaintiff's perspective); see also Moser v. Cincinnati Ins. Co., No. 8:14-cv-03121-CEH-TWG, 2015 WL 628961, at **1-2 (M.D. Fla. Feb. 12, 2015); Gillinov v. Hillstone Restaurant Gp., Inc., 92 F. Supp. 3d 1251, 1254-55 (S.D. Fla. 2015); Kilmer v. Stryker Corp., No. 5:14-cv-456-Oc-34PRL, 2014 WL 5454385, at *4 (M.D. Fla. Oct. 27, 2014) (citing Mark v. Wood Haulers, Inc., No. CA09-0706-CG:C, 2009 WL 5218030, at *9 (S.D. Ala. Dec. 31, 2009)).

9.      Plaintiff's back pay claim alone establishes that there is more than $75,000.00 in controversy.  As back pay is generally awarded between the date of separation and trial, see Munoz v. Oceanside Resorts, Inc., 223 F.3d 1340, 1347 (11th Cir. 2000), and the trial in this action would be completed within two years from the date of filing, see Local Rule 3.05(c)(2)(E), United States District Court, Middle District of Florida, Plaintiff's claim for back pay establishes that there is at least $133,497.00 in controversy in this action.  See Fusco v. Victoria's Secret Stores, LLC, Case No. 6:11-cv-989-Orl-22DAB, 2011 WL 3792412, at *4 (M.D. Fla. 2011).

10.     Plaintiff's claim of front pay establishes that there is an additional $44,499.00 in controversy. See Gonzalez v. Honeywell Int'l, Inc., No. 8:16-cv-3359-T-30TGW, 2017 WL 164358, at *2 (M.D. Fla. Jan. 17, 2017) (considering the value of one year front pay in

determining the amount in controversy); see also Wineberger v. Racetrac Petroleum, No. 5:14-cv-653-Oc-30PRL, 2015 WL 225760, at *3 (M.D. Fla. Jan. 16, 2015); Penalver v. N. Elec., Inc., No. 12-80188-CIV, 2012 WL 1317621, at **2, 4 (S.D. Fla. April 17, 2012); Brown v. Cunningham Lindsey U.S., Inc., No. 3:05-cv-141-J-32HTS, 2005 WL 1126670, at * 5 (M.D. Fla. May 11, 2005).

11.      As set forth above, Plaintiff also requests compensatory damages for emotional distress. As a matter of law, "garden variety" emotional distress claims, where there is no evidence of physical or physiological injury, should not exceed the range of $5,000.00 to $30,000.00. See Wineberger, 2015 WL 225760, at *4 (quoting Ernie Haire Ford, Inc. v. Atkinson, 64 So.3d 131, 132 (Fla. 2d DCA 2011)). Thus, this relief, combined with the back and front pay claims, support the conclusion that the amount in controversy is satisfied in this case.

12.      Plaintiff further requests "punitive damages for Defendant's malicious and reckless indifference conduct." This request also contributes towards establishing the amount in controversy. Under the FRCA, an award of punitive damages is capped at $100,000.00. See Fla. Stat. § 760.11(5). At a minimum, this request for relief increases the amount in controversy in this action and, especially when combined with the other damages sought, establishes more than $75,000.00 is in controversy in this action. See Gavronsky v. Walgreen Co., No. 3:09-cv-1167-J-12TEM, 2010 WL 717485, at *3 (M.D. Fla. Feb. 26, 2010).

13.      Finally, Plaintiff's request for attorney's fees also must be considered in determining the amount in controversy, as the FCRA provides that attorney's fees are available. See Fla. Stat. § 760.11(5). Therefore, this request for relief, when added to the other

damages sought, further supports the conclusion that the amount in controversy requirement in 28 U.S.C. § 1332(a)(1) has been satisfied.

14.    As a result of the foregoing, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs, and Defendant has satisfied, by a preponderance of the evidence, the amount in controversy requirement in 28 U.S.C. § 1332(a)(1).  See Kok v. Kadant Black Clawson, Inc., 274 F. App'x 856, 857 (11th Cir. 2008); see also Floyd v. Wal Mart Stores E., LP, 3:12-CV-336/RS-CJK, 2012 WL 3155784, at *1 (N.D. Fla. 2012) (concluding that the defendant established the amount in controversy through a demand letter); Free v. Baker, No. 2:09-cv-26-WKW [WO], 2009 WL 1748244, at *2 (M.D. Ala. June 19, 2009) (concluding that the defendant had properly removed an action based on a settlement demand letter) (citing Lowery v. Ala. Power Co., 483 F.3d 1184, 1212 (11th Cir. 2007)); Jade East Towers Developers v. Nationwide Mutual Ins. Co., 936 F. Supp. 890, 891-92 (N.D. Fla. 1996) (providing that the defendant may use a settlement demand letter to establish the amount in controversy for removal).

15.    This action also is between citizens of different states.  According to the Complaint, Plaintiff is a citizen of Florida.[4]  (Complaint ¶ 3).  While the corporate structure of Defendant is complex, it is clear that it is not a citizen of Florida.  Defendant is a limited liability company.  The sole member of Defendant is Cellco Partnership d/b/a Verizon Wireless.  Cellco Partnership d/b/a Verizon Wireless is a general partnership.  The following

---

[4] Plaintiff alleges that she resides in Hillsborough County, Florida.  (Complaint ¶ 3).  Proof of residence is *prima facie* evidence of domicile, which is, in turn, required to be a citizen of a particular state.  Stine v. Moore, 213 F.2d 446, 448 (5th Cir. 1952).  As a result, Plaintiff's allegations establish, by a preponderance of the evidence, that she is a citizen of the state of Florida.

entities comprise this partnership:

    a.  Bell Atlantic Mobile Systems, LLC, a Delaware limited liability company whose sole member is MCI Communications Services, Inc., a Delaware corporation with its principal place of business in New Jersey.

    b.  GTE Wireless LLC, a Delaware limited liability company whose sole member is GTE LLC, a Delaware limited liability company whose members are Verizon Communications, Inc., NYNEX LLC, and Verizon Ventures, LLC. Verizon Communications Inc., is a Delaware corporation with its principal place of business in New York. NYNEX LLC is a Delaware limited liability company whose sole member is Verizon Communications Inc., a Delaware corporation with its principal place of business in New York. Verizon Ventures, LLC is a Delaware limited liability company who sole member is Verizon Communications Inc., a Delaware corporation with its principal place of business in New York.

    c.  Verizon Americas Inc., a Delaware corporation with its principal place of business in New Jersey.

    d.  GTE Wireless of the Midwest Inc., an Indiana corporation with its principal place of business in New Jersey.

Therefore, Verizon Wireless LLC is a citizen of Delaware, Indiana, New York, and New Jersey, and there is complete diversity between Plaintiff and Defendant. See 28 U.S.C. § 1332(c)(1).

16.    The foregoing establishes that this action is properly removable under 28 U.S.C. 1332(a)(1) and 28 U.S.C. § 1441(a), which allows for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

17.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b), 1441(a), and Local Rule 1.02, United States District Court, Middle District of Florida.

18.    A complete copy of all pleadings filed in the Circuit Court of Thirteenth Judicial Circuit in and for Hillsborough County, Florida, has been filed simultaneously with this Notice of Removal.

19.    Defendant has provided written notice of the removal to Plaintiff, and, contemporaneously with this Notice, Defendant is filing the Notice of Filing Notice of Removal in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.  A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit D.

20.    Defendant will respond to the Complaint in this Court in accordance with Rules 8, 12, and 81 of the Federal Rules of Civil Procedure and Local Rule 4.02.

21.    Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely as it has been filed within thirty (30) days after service of the Complaint.

WHEREFORE, Defendant respectfully requests that this Court assume jurisdiction over this matter for all further proceedings.

DATED this 25th day of June, 2018.

Respectfully submitted,

s/ *Gregory A. Hearing*
GREGORY A. HEARING

8

Florida Bar No. 817790
ghearing@tsghlaw.com
SACHA DYSON
Florida Bar No.: 509191
sdyson@tsghlaw.com
Thompson, Sizemore, Gonzalez, & Hearing, P.A.
201 North Franklin Street, Suite 1600
P.O. Box 639
Tampa, Florida 33601
Telephone: (813) 273-0050
Facsimile: (813) 273-0072
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of June, 2018, a true and correct copy of

the foregoing was sent by facsimile and U.S. Mail, to the following:

Erik De L'Etoile
De L'Etoile Law Firm, P.A.
10150 Highland Manor Drive, Suite 200
Tampa, FL 33610
Erik@deletoilelaw.com
www.deletoilelaw.com
Attorney for Plaintiff

s/ *Gregory A. Hearing*
Attorney